**Ervis QAZOLLI, Petitioner,**

**v.**

Alberto R. GONZALES,[1] Attorney General, Respondent.

No. 04–3844–ag.

United States Court of Appeals, Second Circuit.

Nov. 6, 2006.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

David V. Kirby, United States Attorney for the District of Vermont, Carol L. Shea, Chief, Civil Division, Nancy J. Creswell, Assistant United States Attorney, Burlington, Vermont, for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROSEMARY S. POOLER, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Ervis Qazolli petitions for review of the BIA's decision affirming an immigration judge's ("IJ's") final order of removal. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

### Asylum

■ Although conduct must rise above mere harassment to constitute persecution, persecution "includes more than threats to life or freedom; non-life-threatening violence and physical abuse also fall within this category." *Tian–Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir.2004) (internal quotation marks omitted). Moreover, this Court has noted the importance of viewing harm in the aggregate, rather than analyzing whether each isolated incident of harm constitutes persecution. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir.2005). The BIA has held that economic restrictions or deprivations rise to the level of persecution if they are "so severe that they constitute a threat to an individual's life or freedom." *Matter of Acosta*, 19 I. & N. Dec. 211, 222, 1985 WL 56042 (BIA 1985).

■ Here, the IJ found that the beating suffered by Qazolli and the threat made to Qazolli's father that Qazolli would be harmed unless the family shop were destroyed did not rise to the level of persecution. The IJ reasoned that the beating was not sufficiently severe as to constitute persecution because Qazolli had not needed medical attention. But there is no requirement that physical abuse must require medical attention in order to constitute persecution, and non-life-threatening violence may constitute persecution. *See Tian–Yong Chen*, 359 F.3d at 128. Furthermore, the IJ failed to consider the destruction of the Qazollis' business and their being run out of town in determining whether Qazolli had suffered economic persecution sufficient to constitute past persecution. Although only the shop was destroyed, his family's safety was threatened such that they had to flee Elbasan and discontinue both of their businesses. The cumulative effect of destroying the Qazollis' livelihood in Elbasan, the beating suffered by Qazolli, and the threats to Qazolli's life from which he could not seek protection may well amount to a threat to life or freedom. *See Poradisova*, 420 F.3d at 79–80.[2]

■ Additionally, an applicant must show through direct or circumstantial evidence that the motive for persecution arose from a protected ground. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005). Here, Qazolli received threats and was beaten by private actors, who led him to believe that he was being attacked on account of his affiliation with the Democratic Party ("DP"). The local government in Elbasan, apparently controlled by Socialists, destroyed the Qazollis' shop after a member of the Socialist party complained to that government. Although orders to destroy the property alleged that it had violated zoning regulations, Qazolli's father was told by governmental figures that his property was to be destroyed as a repercussion for his strong support of the

2. The recent case of *Mirzoyan v. Gonzales*, 457 F.3d 217 (2d Cir.2006), was remanded to the BIA by this court. We there stated that: "The Board of Immigration Appeals ('BIA') has not clearly identified the statutory construction of the word 'persecution' it applies when assessing claims of economic persecution. We remand so that the BIA may address this important question." On remand of this case the BIA may wish to apply the standards it develops in *Mirzoyan*.

DP. Qazolli's family was also known in the community as strong DP supporters. Despite the fact that there were numerous other structures in Elbasan in violation of zoning regulations, Qazolli claimed that his family's shop was the only such structure destroyed. While legal sanctions do not in themselves constitute persecution, they may do so when that punishment is disproportionately severe or is pretext for a protected ground. *See Shardar v. Ashcroft,* 382 F.3d 318, 323 (3d Cir.2004); *see also Fisher v. INS,* 79 F.3d 955, 962 (9th Cir. 1996). As a result, even if one ignores the verbal threats allegedly made to Qazolli and his father alluding to their political affiliation, the circumstantial evidence supports Qazolli's claim that the harm he and his family suffered was on account of their political opinion. *See Yueqing Zhang,* 426 F.3d at 545.

Having established past persecution on account of a protected ground, Qazolli is entitled to a presumption of well-founded fear of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Under the circumstances, the IJ erred in putting the burden on Qazolli to establish a well-founded fear of future persecution; the burden should rather have been on the government to rebut this presumption. *See* 8 C.F.R. § 208.13(b)(1)(ii).

**CAT Claim**

The IJ denied Qazolli's claim for CAT relief, saying, "[R]espondent has not established that it is more likely than not that he'd be tortured by the government of Albania if he were to return to Albania." Torture requires only that state actors know of or remain willfully blind to an act, thereby breaching their duty to prevent it. *See Khouzam v. Ashcroft,* 361 F.3d 161, 171 (2d Cir.2004). Because the IJ's standard demanded a stricter showing of state action than is required under the law, we must also vacate this portion of the removal order for reconsideration of Qazolli's

CAT claim under the proper standard. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA with a recommendation that it remand to the IJ for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).